UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUNSET FARMS, INC. a California Corporation and M. RODINI & COMPANY, a General Partnership,<br><br>             Plaintiffs,<br><br>    v.<br><br>DeANGELO BROTHERS, INC. a Pennsylvania Corporation, and DOES 1 through 20, inclusive,<br><br>             Defendants. | Case No.: 12-CV-03613-LHK<br><br>ORDER DENYING MOTION TO REMAND |

On July 11, 2012, Defendant DeAngelo Bothers, Inc. ("DeAngelo") removed this action from the Superior Court for the County of Santa Cruz to federal court, asserting diversity jurisdiction. *See* ECF No. 1 ("Notice of Removal") at 2. The case was reassigned to the undersigned judge on September 10, 2012. ECF No. 20. Before the Court are Plaintiffs' Motions to Remand for lack of subject matter jurisdiction. *See* ECF Nos. 7, 9, 26 ("Mots.").[1] DeAngelo filed an Opposition to Plaintiffs' Motions to Remand. *See* ECF Nos. 11, 30 ("Opp'n").[2] Plaintiffs did not file a reply. The Court finds this matter appropriate for determination without oral

---

[1] Plaintiffs appear to have submitted the same motion on three different occasions, changing only the hearing date and federal judge. *See* ECF Nos. 7, 9, 26.

[2] DeAngelo appears to have submitted the same opposition on August 24, 2012, and November 29, 2012, with the sole difference appearing to be the addition of the hearing date and federal judge in the Opposition filed at ECF No. 30. *See* ECF Nos. 11, 30.

1

Case No.: 12-CV-03613-LHK
ORDER DENYING MOTION TO REMAND

argument and therefore VACATES the hearing set for January 10, 2013. *See* Civil L.R. 7-1(b). The case management conference will remain as scheduled. Having reviewed the parties' submissions and the relevant law, the Court finds that it has subject matter jurisdiction to review this case, and therefore DENIES Plaintiffs' Motions to Remand.

## I. BACKGROUND

The instant dispute arises from a personal property dispute in which Sunset Farms, Inc. and M. Rodoni & Company ("Plaintiffs") allege that DeAngelo sprayed an herbicide in the areas adjoining Plaintiffs' fields, thereby causing damage in excess of $100,000 to Plaintiffs' brussel sprout crops. Notice of Removal, Ex. A ("Compl.") at 2–3. In seeking damages, Plaintiffs filed a complaint in the Superior Court from the County of Santa Cruz, alleging negligence, nuisance, and trespass. *Id*. at 3. Defendant then removed this action to federal court on the basis of federal diversity jurisdiction. Notice of Removal at 2.

## II. LEGAL STANDARDS AND DISCUSSION

A suit may be removed from state court to federal court only if the federal court would have had original subject matter jurisdiction over the claims. 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Consequently, "[t]he defendant bears the burden of establishing that removal is proper," *id*., and "any doubt about the right of removal requires resolution in favor of remand," *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

DeAngelo asserts that subject matter jurisdiction is appropriate in this case due to diversity of citizenship. *See* Notice of Removal at 2–3; Opp'n at 1. Under 28 U.S.C. § 1332(a)(1), federal courts have original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. A

1  "core principle of federal removal jurisdiction on the basis of diversity . . . is [that it is] determined
2  (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air*
3  *Transport Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

4　　　　The face of Plaintiffs' complaint meets the requirements for diversity jurisdiction. *See St.*
5  *Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938) (the status of the case as
6  disclosed by the plaintiff's complaint is controlling for purposes of removal).  First, Plaintiffs
7  allege that Plaintiff Sunset Farms, Inc. is a California corporation that "operates under lease with
8  the State of California agricultural property known as 4421 Coast Road, Santa Cruz County,
9  California 95060" and that Plaintiff M. Rodoni & Company is a general partnership that "operates
10 under lease with the State of California by providing vegetable management services, including the
11 spraying of regulates substances." Compl. ¶ 1.  In contrast, Plaintiffs allege that DeAngelo
12 Brother, Inc. is "a Pennsylvania corporation." *Id.*; Notice of Removal at 2; *see also* Decl. of
13 Kristin N. Reyna Supp. Notice of Removal ¶ 4 (declaring that DeAngelo is a Pennsylvania
14 corporation with its principal place of business in Hazelton, Pennsylvania).  Therefore, the
15 citizenship of the parties is diverse. *See* 28 U.S.C. § 1332(a)(1).  Moreover, Plaintiffs allege that
16 "[t]he resulting crop failure caused damage to Plaintiffs in sums in excess of $100,000." Compl. ¶
17 5.  Accordingly, the elements of diversity jurisdiction are met.

18　　　　Plaintiffs argue that this Court lacks subject matter jurisdiction because Plaintiffs'
19 complaint does not raise a federal question.  Mot. at 2–3.  However, DeAngelo's Notice of
20 Removal was not based on federal question jurisdiction but diversity jurisdiction. *See* Notice of
21 Removal at 2; Opp'n at 3.  Notably, Plaintiffs do not dispute that the elements of diversity
22 jurisdiction are satisfied in this case.  As diversity jurisdiction provides a separate and distinct basis
23 for federal subject matter jurisdiction, Defendants have thus satisfied their burden of establishing
24 that removal is proper.

25 **III.　CONCLUSION**

26　　　　Defendant has carried its burden of establishing that removal is proper because the Court
27 has subject matter jurisdiction based on diversity jurisdiction. *See* 28 U.S.C. § 1332(a).
28

Accordingly, Plaintiff's Motion to Remand this matter to the Superior Court for the County of Santa Cruz is DENIED.

**IT IS SO ORDERED.**

Dated: January 8, 2013

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Case No.: 12-CV-03613-LHK
ORDER DENYING MOTION TO REMAND